E. O. STOVERN, Appellant, v. TOWN OF CALMAR, Appellee.

MARCH 12, 1929.

*Goheen & Goheen* and *E. R. Acres,* for appellant.

*C. N. Houck* and *W. M. Allen,* for appellee.

DE GRAFF, J.—The defined issues and the facts in this cause of action may be found in the opinion in this case on the original appeal. *Stovern v. Town of Calmar,* 204 Iowa 983. There is

no occasion to repeat these matters on this appeal. In the original opinion in the *Stovern* case, supra, this court said:

"The trial court could not know as a certainty that the nuisance would be abated by January 1, 1927. We do not know whether the nuisance has been abated. We therefore remand the case to the district court, for the purpose of taking evidence upon the single proposition as to whether a nuisance still exists, and for the purpose that, upon said hearing, such decree with reference thereto as may be warranted by the evidence may be rendered."

There has been no change in the issues after this case was remanded. It appears, however, that testimony was offered by both parties to the action. The question now is whether the nuisance complained of has been abated. This is the only question in the present case, and is purely a fact question.

We will not review the evidence, as it will serve no purpose in this case as a precedent. It is sufficient that we state our conclusions, with such comments from a historical viewpoint as may be necessary. The evidence is sufficient to warrant a finding that there has been a complete abatement of the nuisance in question. In this connection, it may be stated that the evidence without contradiction shows that the town of Calmar, in 1926, subsequent to the commencement of this action, constructed and equipped a modern and sufficient sewer and sewage-disposal system, which was approved by the state board of health, and which system went into operation about December 1, 1926, in accordance with the adopted plans and specifications; and the plant was turned over to the town of Calmar about January 1, 1927. This system has been maintained and operated successfully since its completion, and the effluent from said disposal plant was pronounced satisfactory by numerous tests almost up to the time of the submission of the instant case for trial, to wit, December, 21, 1927.

It is apparent that the basis of the complaints to the sewer system upon which the plaintiff bases his present contention is the fact that the Calmar Creamery Company operated its plant about two blocks from the Calmar disposal plant, and had a sewer main or overflow pipe from the creamery in connection with the Calmar outlet main below the sewer disposal plant in

question. The creamery plant also had a toilet in connection with its plant, and this was connected so that the contents therefrom ran into the sewer the same way as the washings from the floor below the sewer pipe. The sewage from the creamery plant did not pass through the disposal plant, and at the time that the plaintiff commenced taking evidence on the instant hearing, the mayor of Calmar did not know that there was a toilet at the creamery. In fact, none of the councilmen nor the town marshall knew that any toilet in connection with the creamery was in use until late in December, 1927, or early in January, 1928. The town authorities, upon learning this fact, notified the creamery company "to cut their sewer off," and it was cut off, and at the time of the final hearing, was not connected with the town sewer outlet. Up to the time that the sewer connections of the creamery company were disconnected, the washings from the floor of the creamery and the sewage from the toilet were carried into the sewer outlet and joined up with effluent from the disposal plant. The primary evidence in this case upon which the trial court based its decision involved the reports from the state water laboratory at Iowa City. Samples for analysis were forwarded to Jack J. Hinman, Jr., chief of the water department of the state hygienic laboratories at Iowa City. It will serve little purpose to record in this opinion the data and the scientific analyses made, or the terminology used by the scientific experts in making the said reports. It may be stated that a sample of water was taken by defendant's witnesses February 6, 1928, from the creek bed at the mouth of the sewer line, and on the same date, another sample was taken from the manhole at the disposal plant. The reports made by the experts as to these samples disclosed that the sewer effluent on that date was colorless, and very slightly flocculent, and that, in every way, as shown by the chemical contents, the subject-matter under analysis was satisfactory. After the disconnection of the sewer pipe used by the creamery company, the water in the creek became clear; and several witnesses testified that they noticed no odor, nor any toilet paper or sewage coming through.

In passing, it may be stated that there is no claim of negligence, either in the construction, maintenance, or operation of the new plant. The former creamery sewer connection, although unknown to the administrative officers of the town of Calmar,

sufficiently accounts for the conditions which existed, and by which the pollution of the creek was caused. Subsequent to the correction of the cause by the action of the town officials, the contents of the sewer effluent were no longer subject to criticism.

We all recognize that modern conditions of life require sewage disposal systems of efficient character; and if we were impressed for a moment that the conditions continued to exist, as claimed by the appellant, by reason of the sewage system adopted and used by the town of Calmar, as alleged, and thereby created a nuisance, we would not hesitate to enter an injunction, as prayed. However, the several analyses of the effluent and the reports made by the scientists competent to speak have the greatest weight in the determination of this case. That evidence shows that the effluent was satisfactory; that the water did not cause a nuisance; and that it did not show any record of putrescibility.

We are abundantly satisfied that the facts establish the complete abatement of the nuisance complained of at the time of the submission of this cause. The findings of the lower court are correct, and the decree entered is, therefore,—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.